# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | |
|---|---|
| TODD BROWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 3:23-cv-00471 |
| QUANTUM COATINGS, INC. d/b/a PRISCO, | ) ) ) ) |
| Defendant. | ) ) |

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, TODD BROWN ("Plaintiff" or "Brown"), files his Complaint against the Defendant, QUANTUM COATINGS, INC. d/b/a PRISCO ("Defendant" or "Prisco"), and states the following:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages and injunctive relief, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. (hereinafter "ADA"), to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's intentional and systematic discrimination based on Plaintiff's disability, and retaliation for Plaintiff's protected requests, leading to his unlawful termination.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

4. Plaintiff, Brown, is a citizen of the United States was at all times material, a resident of the State of North Carolina.

5. Defendant, Prisco, is a For-Profit Corporation operating within this district at 1337 N. Wood Branch Drive, Charlotte, North Carolina 28273.

6. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On February 16, 2022, Plaintiff filed a timely claim with the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on disability discrimination, and retaliation.

9. Plaintiff's EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

10. On May 26, 2023 the EEOC issued a Notice of Right to Sue.

11. This complaint was filed within ninety (90) days Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**FACTUAL ALLEGATIONS**

12. Plaintiff worked for Defendant beginning on or about June 29, 2021.

13. At the time of his termination, Plaintiff held the position of Material Handler.

14. Plaintiff was a full-time employee who regularly worked or exceeded forty hours per week.

15. Plaintiff was qualified to perform the duties of his employment as Material Handler.

16. At all relevant times, Plaintiff suffered from depression and alcoholism, as Defendant is aware.

17. Experts widely agree that chronic alcoholism is a disease, not a choice. As far back as 1956, the American Medical Association declared that alcoholism was an illness. As with many illnesses, alcoholism can control its victims. As with any illness, it needs to be discovered and diagnosed. And with many illnesses, with proper treatment it can be successfully controlled.

18. Plaintiff's disability substantially limited one or more of his major life activities and constitutes a disability under applicable law.

19. Around mid-October 2021, Plaintiff informed Defendant's Plant Manager that he suffers from disabilities, specifically that Plaintiff has been diagnosed with depression and was a recovering alcoholic.

20. On or about October 25, 2021, Plaintiff contacted the Plant Manager to inform him

3

that Plaintiff was entering a medical facility to seek treatment for his disabilities.

21. The Plant Manager instructed Plaintiff to inform him once he was admitted to the medical facility, and Plaintiff subsequently complied.

22. Plaintiff was told by the Plant Manager that Plaintiff's stay at the facilities would be "no problem," and that they would "see me when I get out."

23. Plaintiff's stay was scheduled for thirty (30) days from October 25, 2021.

24. On or about December 4, 2021, Plaintiff was released to return to work and informed Defendant of the same.

25. The Plant Manager informed Plaintiff that he was on vacation until December 29, 2021, and that he would contact Plaintiff about his return to work when his vacation ended, implying that Plaintiff would return at a similar time.

26. However, on December 20, 2021, Defendant's Human Resources Manager informed Plaintiff that he was under the pretext of "poor performance."

27. The discrimination and retaliation Plaintiff was subjected to was perpetrated, in part, by one of Defendant's employees with direct supervisory authority over Plaintiff.

28. Defendant knew or should have known of the discrimination and retaliatory conduct because its supervisor(s) and members of management observed it and/or participated in it.

29. The unlawful employment practices complained of in the above-mentioned paragraphs were intentional. The unlawful employment practices complained of in the above-mentioned paragraphs were done with malice or with reckless indifference to the statutory and/or federally protected rights of Plaintiff.

30. Plaintiff has been damaged by Defendant's illegal conduct.

4

31. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## **Count I: Disability Discrimination under the ADA**

32. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-31, above.

33. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

34. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

35. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

36. Plaintiff was able to perform the essential functions of his job at the time of his termination.

37. Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

38. Defendant intentionally discriminated against Plaintiff and subjected Plaintiff to disparate and discriminatory treatment throughout his employment based on his disability, thereby resulting in Plaintiff's unlawful termination.

39. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of

monetary damages and other relief.

40. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count II: Retaliation in Violation of the ADA

41. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-31, above.

42. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

43. At all times relevant to this action, Plaintiff was a qualified employee within a disability under the ADA.

44. Defendant intentionally retaliated against Plaintiff based on his request for reasonable accommodations and use of protected medical leave pursuant to his disability.

45. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

46. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
**/s/ Gary Martoccio**
Gary Martoccio, Esq.
North Carolina Bar No. 54125
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
gary.martoccio@spielbergerlawgroup.com
*Counsel for Plaintif*